**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>Cogent Communications Holdings, Inc., Cogent Communications LLC, Cogent Infrastructure LLC, and Cogent Fiber LLC,<br><br>Defendants. | Civil Action No. 3:26-cv-02758<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendants Cogent Communications Holdings, Inc.; Cogent Communications, LLC; Cogent Infrastructure, LLC; and Cogent Fiber (collectively, "Defendants") and, in support, allege the following:

**PARTIES**

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of

Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Cogent Communications Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Cogent Communications Holdings, Inc. can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. On information and belief, Cogent Communications, LLC is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Cogent Communications, LLC can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5. On information and belief, Cogent Infrastructure, LLC is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Cogent Infrastructure, LLC can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

6. On information and belief, Cogent Fiber, LLC is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Cogent Infrastructure, LLC can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7. On information and belief Defendants work together to form a joint enterprise responsible for owning, managing, and operating the Cogent portfolio of data centers. On information and belief, Cogent Communications, LLC is responsible for managing the leased data center properties. On information and belief, Cogent Infrastructure, LLC is responsible for managing the owned data center properties. On information and belief, Cogent Fiber LLC is

responsible for owning and managing certain data center properties. On information and belief, Cogent Infrastructure LLC is a wholly-owned, direct subsidiary of Cogent Communications Holdings, Inc. On information and belief, Cogent Communications, LLC is a wholly-owned, indirect subsidiary of Cogent Communications Holdings, Inc. On information and belief, Cogent Fiber, LLC is a wholly-owned, indirect subsidiary of Cogent Communications Holdings, Inc. On information and belief, Cogent Communications Holdings, Inc. maintains executives that make decisions about the Cogent portfolio of companies and data center properties.

## ASSERTED PATENTS

8. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the ’287 Patent); 6,868,682 (the ’682 Patent); and 6,718,277 (the ’277 Patent).

9. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

10. The ’287 Patent, entitled “Cooling System,” was duly and lawfully issued on February 15, 2005. A true and correct copy of the ’287 Patent is attached hereto as Exhibit 1.

11. The ’287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

12. The ’682 Patent, entitled “Agent Based Control Method and System for Energy Management,” was duly and lawfully issued on March 22, 2005. A true and correct copy of the ’682 Patent is attached hereto as Exhibit 2.

13. The ’682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

14. The ’277 Patent, entitled “Atmospheric Control Within a Building,” was duly and lawfully issued on April 6, 2004. A true and correct copy of the ’277 Patent is attached as Exhibit 3.

15. The ’277 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

**JURISDICTION AND VENUE**

16. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

17. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

18. Defendants operate offices and data centers throughout the state of Texas, including offices in Dallas and data centers in this District in Irving, Dallas, and Fort Worth, as well as data centers in Austin, Houston, Amarillo, El Paso, McAllen, and San Antonio.[1]

19. This Court has general and specific personal jurisdiction over Defendants. Defendants operate offices and data centers thin this District. On information and belief, Defendants have the right to transact business in Texas. Defendants have maintained offices, employees, and business operations in Texas, and have therefore purposefully availed themselves of the privileges of conducting business in Texas and have minimum contacts with the State of Texas. The exercise of personal jurisdiction is proper under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042, and consistent with the Due Process Clause. The Court also has

[1] https://www.cogentco.com/en/cogent-dallas

specific personal jurisdiction over Defendants because, on information and belief, they performed methods in its Texas data center facilities that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of its contacts with Texas.

20. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendants have a regular and established place of business in this District at its office and data center facilities. On information and belief, Defendants have committed acts of infringement in this District at its data center facilities.

**DEFENDANTS' DATA CENTERS AND INFRINGING CONDUCT**

21. Defendants own and operate 69 Cogent data centers and 86 Cogent Edge data centers in North America.[2] Defendants' data centers implement cooling equipment from various suppliers, and Defendants used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patents.

22. Defendants have used cooling equipment from Vertiv in its data centers. For example, Defendants advertise using Liebert HVAC units in its data centers[3], including showing an image of a Liebert CRAC unit in a video tour it posted of its data centers[4]:

[2] https://www.cogentco.com/en/network/cogent-data-centers
[3] https://www.cogentco.com/files/docs/network/colocation/Waltham_Data_Center_Brochure.pdf
[4] https://www.youtube.com/watch?v=2-ey9F08WdI&t=77s at 1:17.




23. Defendants also use Stulz cooling equipment in its data centers. For example, the video above also advertises using Stulz HVAC units in Defendant's data centers.[5]

24. On information and belief, Defendants may have used other cooling equipment or software from suppliers beyond those listed above in its data centers to perform methods that infringe the Asserted Patents, including, for example, Trane, Schneider Electric, and DataAire. On information and belief, Defendants may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

**FIRST CLAIM**

**(Infringement of the '287 Patent)**

25. Valtrus re-alleges and incorporates herein by reference paragraphs 1-24 of the Complaint.

[5] https://www.youtube.com/watch?v=2-ey9F08WdI&t=77s at 1:17.

26. The ’287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

27. Defendants infringed the ’287 Patent by performing methods of cooling its data centers prior to the expiration of the ’287 Patent. As described above, Defendants have used cooling equipment and control software from at least Stulz[6] to cool its data centers, and may have also used other cooling equipment from Trane, Schneider Electric, DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Defendants used or may have used these products to infringe claim 1 of the ’287 Patent are attached as Exhibits 4-6.

**SECOND CLAIM**

**(Infringement of the ’682 Patent)**

28. Valtrus re-alleges and incorporates herein by reference paragraphs 1-24 of the Complaint.

29. The ’682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

30. Defendants infringed the ’682 Patent by performing methods of cooling its data centers prior to the expiration of the ’682 Patent. As described above, Defendants have used cooling equipment and control software from at least Vertiv and Stulz to cool its data centers, and may have also used other cooling equipment from Trane, Schneider Electric, and DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts

[6] Valtrus is not asserting the ’287 patent based on Defendants’ use of Vertiv cooling equipment based on its representation to the Eastern District of Texas that it would not assert that patent against any additional customers if the Court consolidated various pending cases.

reflecting how Defendants used or may have used these products to infringe claim 1 of the '682 Patent are attached as Exhibits 7-10.

## **THIRD CLAIM**

### (Infringement of the '277 Patent)

31. Valtrus re-alleges and incorporates herein by reference paragraphs 1-24 of the Complaint.

32. The '277 Patent is generally directed to a system and method for controlling atmospheric conditions within a data center building.

33. Defendants infringed the '277 Patent by performing methods of cooling its data centers prior to the expiration of the '277 Patent. As described above, Defendants have used cooling equipment from at least Stulz to cool its data centers, and may have also used other cooling equipment and software from Schneider Electric, Automated Logic, Nlyte, or other suppliers in a similar manner to perform the claimed methods. An exemplary claim chart reflecting how Defendants used or may have used these products to infringe claim 1 of the '277 Patent is attached as Exhibit 11.

## **PRAYER FOR RELIEF**

WHEREFORE, Valtrus prays for judgment against Defendants, as follows:

A. That Defendants have infringed each of the Asserted Patents;

B. That Defendants pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C. That Defendants pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that Defendants pay Plaintiffs' attorneys' fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: August 18, 2026

Respectfully submitted,

*/s/ Eric H. Findlay*

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

Matthew G. Berkowitz* (CA Bar No. 310426)
Aaron Morris* (CA Bar No. 341166)
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
Fax: (650) 560-3501
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Connor S. Houghton* (DC Bar No. 888314379)
Natalie N. Griffin* (DC Bar No. 90005576)
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
Fax: (650) 560-3501
choughton@reichmanjorgensen.com
ngriffin@reichmanjorgensen.com

Patrick Colsher* (NY Bar No. 4883542)
Sean M. McCarthy* (NY Bar No. 5202593)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
Fax: (650) 560-3501
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

**pro hac vice forthcoming*

*Attorneys for Plaintiffs*